IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                    1:06-cr-168-WSD

DERRICK BROWN,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Derrick Brown's ("Defendant") Motion to Withdraw His Plea [51].

## I.      BACKGROUND

The Defendant was indicted on April 11, 2006, and charged with seven counts of bank robbery in violation of 18 U.S.C. § 2113(a) and six counts of possession of a firearm in furtherance of bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  During the course of Defendant's case, he has been represented by three different counsel.

On March 20, 2007, Defendant entered a plea of guilty to Counts Four and Six in the indictment.  After a lengthy change of plea hearing, Defendant's offer to plead guilty was accepted by the Court and a sentencing date was set.  When the

sentencing date arrived, the Defendant stated that he wanted to consider withdrawing his plea.  Although given a date by which to withdraw his plea if he intended to do so, Defendant did not move to withdraw by that date and his sentencing was rescheduled.  At his rescheduled sentence, he again stated he wanted to consider withdrawing his plea.  Defendant's motion to withdraw his plea finally was filed on November 7, 2007.  In it, Defendant moves to withdraw his plea on the grounds that:  (i) the motion to suppress which he litigated and lost was not sufficiently advocated by his counsel, (ii) he was inadequately represented by his lawyer before his plea was entered,[1] and (iii) he was under the influence of some unidentified narcotic substance when he entered his plea.

Defendant's case began when he was arrested in North Carolina on March 3, 2006.  At his initial appearance, seasoned counsel from the Federal Defenders Program, Jimmy Hardy, was appointed to represent him.  Mr. Hardy filed and pursued, on Defendant's behalf, a motion to suppress evidence which was seized during a consensual search of two residences.  Mr. Hardy's advocacy included the development of the testimony of two witnesses at an evidentiary hearing on the

---

[1]  Defendant apparently claims he did not understand what needed to be proved to show he possessed a "firearm" at the robberies to which he pled guilty.

2

suppression motion.  The Magistrate Judge, in her 35-page Report and

Recommendation ("R&R"), considered the motion and the evidence presented to

support it and Defendant's counsel's written submission in support of the motion.

After evaluating the matters presented, the Magistrate Judge recommended in the

R&R that the suppression motion be denied.  Defendant's counsel filed timely

objections to the R&R which were considered by this Court.  After carefully

evaluating the objections, this Court overruled them, and on December 19, 2006,

Defendant's Motion to Suppress was denied.

Shortly thereafter, Defendant requested a new lawyer, and on January 9,

2007, Timothy Saviello, also an experienced criminal defense lawyer, was

appointed to represent the Defendant.  Early in his representation, Mr. Saviello

discussed with Defendant the terms of a plea agreement which the government had

offered to the Defendant.  After discussing the plea terms with Mr. Saviello, the

Defendant stated that he wanted to plead guilty to two counts in the indictment.  A

change of plea hearing was scheduled for March 20, 2007.

The change of plea hearing was thorough and comprehensive.  During the

hearing, Defendant stated, under oath, that he had not consumed any alcoholic

beverages or drugs–illegal or prescription.  Transcript of Plea Withdrawal Hearing

("Transcript"), p 4.  Having observed the Defendant and interacted with him over the course of almost an hour, the Court entered findings that the Defendant was not under influence of any substances nor did he suffer from any other disability affecting his ability to understand the proceeding or the consequences of pleading guilty.  Mr. Saviello specifically represented to the Court that he had not seen anything that would affect the Defendant's ability to understand the consequences of pleading guilty or that would affect Defendant's ability to understand the plea proceeding.  Mr. Saviello stated further:  "My discussions with Mr. Brown have been very involved.  He's taken pains to educate himself on the process and the law associated with his case, and so I believe he understands all aspects of it."  Transcript at p 25.

At the change of plea hearing, each element of the two offenses to which Defendant sought to plead guilty were specifically explained to the Defendant. The Defendant stated to the Court that he understood all of the elements of the two offenses to which he was offering to plead guilty, including the element that he possessed a firearm.  The following exchange occurred between the Court and the Defendant:

4

| | |
|---|---|
| Court: | Have you actually seen the indictment that was brought against you? |
| Defendant: | Yes, sir. |
| Court: | And have you specifically gone over with Mr. Saviello the two charges, Counts Four and Six, for which you are seeking to plead guilty? |
| Defendant: | Yes. |
| Court: | And have you discussed with him the elements of the offenses and what the government would have to prove before you could be convicted on each of those charges? |
| Defendant: | Yes, Your Honor. |

Transcript at p 29-30.

Regarding the element of possession of a firearm, the Defendant agreed that the Government would have to prove beyond a reasonable doubt at trial that he was observed with a handgun during the two bank robberies that are the subject of the two charges to which he was pleading guilty.  Transcript at p 27-29.  Defendant admitted that a handgun fitting the description of the handgun used during the course of the robberies was found concealed in a cereal box in the Defendant's home in North Carolina.  Transcript at p 48-50.  The Court questioned the Defendant on the firearm point in great detail:

| | |
|---|---|
| Court: | And if I can put these in a nutshell, what they [the Government] are alleging is that you committed two bank |

5

> robberies, one at the Windy Hill Wachovia branch in
> April and one at the Austell Wachovia branch in May,
> that you walked into these branches and went up to the
> tellers and demanded money.  That you had – that the
> tellers saw that you had a gun.  That you demanded the
> money be given to you, that you got the money, that you
> left.  And on both occasions that you had this weapon,
> firearm, I guess handgun with you that you used in
> connection with the robberies.  Do you admit that you did
> that?
> Defendant: Yes, Your Honor.

Transcript at p 50.  The Defendant specifically agreed that the Government would

prove that the gun possessed by the Defendant during the robberies was "in fact a

firearm."  Transcript at p 49-50.

At the hearing the Court made specific findings that the Defendant was

competent to enter a plea of guilty to Counts Four and Six of the indictment, that

he was not under the influence of any substance nor did he have a disability of any

kind, that his plea was made voluntarily and knowingly, without any coercion, and

that there was a factual basis for the plea.  The Court subsequently accepted

Defendant's plea and found him guilty of Counts Four and Six of the indictment

and entered judgment against him on those Counts.

Sentencing was set for May 24, 2007, but later rescheduled for June 26,

2007.  At the June 26, 2007 sentencing, Mr. Saviello advised the Court that the

Defendant had "raised some questions regarding along the lines of seeking to withdraw his plea."  Mr. Saviello stated he needed time to discuss with the Defendant "about that, as if that's something he wants to pursue by way of a motion to withdraw his plea."  Hearing Transcript ("June 26 Tr.") at 3.  Under the circumstances, the Court continued the sentencing and gave the Defendant up to and including July 13, 2007 to determine whether he wanted to move to withdraw his plea and, if so, to file a motion to withdraw by that date.

Although on July 13, 2007 the Defendant moved for the appointment of another new lawyer to represent him, he did *not* file a motion to withdraw.  At an *ex parte* hearing on July 19, 2007, the Court advised the Defendant that it would appoint new counsel for him, stating that this would be "the third and final attorney the Court will appoint for the Defendant in this case."

On July 20, 2007, the Court appointed Gary Spencer – yet another experienced criminal defense lawyer – to represent the Defendant.  Defendant's sentencing was rescheduled for September 14, 2007.  At the sentencing hearing on September 14, the Defendant asked for the sentencing to be rescheduled because several of his family members were unable to be present for the sentencing.  In response to this request from the Defendant, the sentencing was rescheduled for

7

October 24, 2007.

The rescheduled sentencing was commenced on October 24, 2007. Without any advance notice, the Defendant orally moved to withdraw his plea. The Court reluctantly allowed the Defendant up through and including November 7, 2007, to file a withdrawal motion. This is the motion pending before the Court.

## II.   DISCUSSION

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty after the court accepts the plea, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). From the plain language of the statute, there is no absolute right to withdraw a guilty plea. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Before a plea may be withdrawn a defendant must meet his burden of establishing a fair and just reason for withdrawal. See United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004); vacated on other grounds at 345 U.S. 1101 (2005), reinstated at 2005 WL 1635303 (11th Cir., July 13, 2005). See also, United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

The Court determines whether a "fair and just" reason for withdrawal exists under the "totality of the circumstances surrounding the plea" including the

8

following factors: "(1) whether close assistance of counsel was available;
(2) whether the plea was knowing and voluntary; (3) whether judicial resources
would be conserved; and (4) whether the Government would be prejudiced if the
defendant were allowed to withdraw his plea." Buckles, 843 F.2d at 472; Cesal,
391 F.3d at 1179.  The "timing of a defendant's attempted plea withdrawal is highly
probative of motive, [so] close scrutiny of the chronology is important in
adjudicating whether retraction is fair and just."  United States v. Doyle, 981 F.2d
591, 595 (1st Cir. 1992).  See also United States v. Parrilla-Tirado, 22 F.3d 368,
373 (1st Cir. 1994) (delayed requests disfavored); United States v. Michaelson, 552
F.2d 472, 476 (2d Cir. 1977) (a defendant's change of mind after viewing Pre-
Sentence Report is insufficient reason to withdraw).  A defendant does not have a
right to withdraw a plea when he admitted factual guilt, even if he later suggests he
is innocent.  See United States v. Rogers, 848 F.2d 166, 166-67 (11th Cir. 1988).
Whether to allow a defendant to withdraw a guilty plea is left to the sound
discretion of the trial judge.  Cesal, 391 F.3d at 1179; Buckles, 843 F.2d at 471.

        Examining the totality of the circumstances in this case and applying each of
the Buckles criteria, the Court necessarily concludes that Defendant cannot show a
fair and just reason for requesting withdrawal of his guilty plea.  The grounds he

cites for withdrawal of his plea are discredited by the facts.  In this case, Defendant has had the benefit of three experienced and effective members of the federal defense bar and each of these lawyers effectively represented him in this case.  The motion to suppress filed by the Defendant, while unsuccessful, constituted thoughtful, competent advocacy.  Having considered the written work-product of Mr. Hardy (who represented Defendant in his motion to suppress), and having observed all three attorneys assigned to represent Defendant in the hearings conducted in this matter (especially in those hearings conducted before this Court), the Court finds that the Defendant had in the past and continues to presently have capable, committed, and competent representation.  Defendant presents no credible basis to claim that he was not competently represented in the prosecution of his suppression motion or in connection with his plea.

Defendant's participation and responses to matters addressed to him at the March 20, 2007 change of plea hearing establish that Defendant competently, knowingly, voluntarily, and intelligently pled guilty to Counts Four and Six of the indictment.  The Court recalls each of the occasions the Defendant appeared before the Court, and the March 20, 2007 hearing is clear in the Court's mind.  At that hearing, which was long and thorough, Defendant was alert, attentive, clear and

unequivocal in his responses, and he was at all times a fully engaged participant in the hearing process. Defendant's counsel's comment that the Defendant had "taken pains to educate himself on the process and the law associated with his case, and so I believe he understands all aspects of it" corroborates the Court impression and understanding of the Defendant's participation and competency in the matters before the Court. His conduct at the change of plea hearing and the Court's interaction with him discredit Defendant's claim that he was under the influence of some unspecified medication. To the contrary, Defendant was alert and fully aware of the matters presented and discussed during the proceeding. There simply is no credible basis to support the argument that he was not adequately advised about the firearm element of the offenses to which he pled guilty. Noteworthy is that Defendant admitted discussing each element of the offense with his lawyer. Transcript at p 29-30. The argument that he did not understand the meaning of "firearm" is hollow and without merit.

Applying the remaining factors in Buckles, the Court finds that withdrawal of the plea should not be allowed. Since at least January 9, 2007, this Defendant has delayed repeatedly the conclusion of this matter. He has had three accomplished lawyers represent him, ignored deadlines he has been given, asked for continuances

he has been granted, and only now at the eleventh hour seeks to further delay this

case by filing a motion he was directed to file, if at all, by July 13, 2007.  To allow

his plea to be withdrawn now would be to further distance witnesses from the

events for which Defendant is being held accountable, thus further wasting judicial

resources and prejudicing the Government in being able to prosecute the Defendant

for the crimes which he already has admitted.

## III.    CONCLUSION

A defendant does not have a right to withdraw a plea when he has admitted

factual guilt, even if he later suggests he is innocent.  See Rogers, 848 F.2d at 166-

67.  A plea withdrawal request for the purpose of delay is not allowed particularly

where, as here, the request was made so long into the concluding processes of this

case and where it appears clear that the purpose of the withdrawal request is to

delay conclusion of this matter further.

The Defendant has failed to show a fair and just reason to allow his plea to be

withdrawn.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Derrick Brown's Motion to

Withdraw His Plea [51] is **DENIED**.

12

**IT IS FURTHER ORDERED** that sentencing in this case will be conducted on Wednesday, February 27, 2008, at 9:30 a.m. in Courtroom 1705.

**SO ORDERED** this 4th day of February, 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE