**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DERRICK A. BROWN, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:06-CR-0168-WSD-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-2208-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [82] and Respondent's response [86]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

**I.      Background**

The grand jury sitting in the Northern District of Georgia indicted Movant on seven counts of bank robbery by force or violence and six counts of possessing a firearm in furtherance of a crime of violence, which included Counts Four and Six for violating 18 U.S.C. § 924(c)(1)(A)(ii). (Indictment, ECF No. 9). The charges in Counts Four and Six both state that Movant possessed a firearm in the furtherance of

a crime of violence, "that is, a violation of . . . Sections 2113(a) and (d)," as set forth in Counts One and Three respectively. (Id. at 2-4). Movant, represented by Timothy Saviello, pleaded guilty to Counts Four and Six. (See Minute Entry, ECF No. 41; Guilty Plea and Plea Agreement at 2, ECF No. 41-1). The remaining counts were dismissed, and by judgment entered on February 26, 2008, the Court imposed a total 384-month term of imprisonment. (Gov't Mot. to Dismiss, ECF No. 56; J., ECF No. 57).

Movant appealed, and on August 18, 2008, the Eleventh Circuit Court of Appeals affirmed the judgment against him. (J. of USCA, ECF No. 77). The Eleventh Circuit's decision on appeal states that Movant challenged his guilty plea and does not show that he challenged his sentence. (See id.). Movant now raises a collateral challenge to his sentence under 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 82).

## II. 28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been

waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir.), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

Collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or a miscarriage of justice based on actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

3

**III.  Discussion**

In his instant § 2255 motion, Movant seeks to challenge his sentence.  (Mot. to Vacate at 4).  Movant asserts that his predicate armed-bank-robbery offenses do not qualify as crimes of violence under the use-of-force/elements clause in § 924(c)(3)(A) and also do not qualify under the residual clause in § 924(c)(3)(B), which he contends is void for vagueness under Johnson v. United States, _ U.S. _, 135 S. Ct. 2551 (2015).  (Mov't Mem. at 2-13, ECF No. 82-1).

Respondent argues that Movant procedurally defaulted his claim; that the Johnson holding (that the Armed Career Criminal Act (ACCA) residual clause, § 924(e)(2)(B)(ii), is unconstitutionally vague) does not apply to § 924(c); and that, even if Johnson applied to § 924(c), Movant's claim is foreclosed by In re Hines, 824 F.3d 1334, 1336 (11th Cir. 2016).  (Resp't Resp. at 13-15, ECF No. 86).

Section 924(c)(1)(A), which is applicable here, dictates certain mandatory minimums for a defendant who in the furtherance of a crime of violence possesses a firearm, and § 924(c)(3) defines crime of violence as a felony offense that –

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) **that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense**.

18 U.S.C. § 924(c)(3) (emphasis added to phrase known as residual clause).

The ACCA, § 924(e)(1), at issue in <u>Johnson</u>, defines violent felony to include a crime punishable by more than a year that –

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added to phrase known as residual clause).

In <u>Johnson</u>, the United States Supreme Court held that the ACCA residual clause, § 924(e)(2)(B)(ii), is void for vagueness. <u>Johnson</u>, _ U.S. at _, 135 S. Ct. at 2555-63.  The court in <u>Johnson</u>, however, specifically stated that its decision did not call into question the remainder of the definition of violent felony, i.e., the use-of-force/elements clause in § 924(e)(2)(B)(i) and the enumerated-crimes clause in § 924(e)(2)(B)(ii) (burglary, arson, extortion, or involving the use of explosives). <u>See id.</u> at 2563.

5

Bank robbery under § 2113(a) or under § 2113(a) & (d) qualifies as a crime of violence under the use-of-force/elements clauses in § 924(c)(3)(A) and in § 924(e)(2)(B)(i), without reference to the residual clauses in those subsections. See United States v. Horsting, No. 16-13156, 2017 WL 462100, at *2 (11th Cir. Feb. 3, 2017) (holding that bank robbery, § 2113(a), qualifies as crime of violence under the use-of-force/elements clause in § 924(e)(2)(B)(i)); In re Sams, 830 F.3d 1234 (11th Cir. 2016) (holding that bank robbery, § 2113(a), qualifies as crime of violence under the use-of-force/elements clause in § 924(c)(3)(A)); In re Hines, 824 F.3d at 1336 (holding that armed bank robbery, § 2113(a) and (d), qualifies as crime of violence under the use-of-force/elements clause in § 924(c)(3)(A)).

Thus, in addressing whether or not Johnson applies to § 924(c), the Eleventh Circuit has held,

> [E]ven were we to extrapolate from the Johnson holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."

In re Hines, 824 F.3d at 1337.

6

Movant procedurally defaulted his claim that armed robbery does not constitute a crime of violence. Moreover, even if Movant could show cause for failing to raise his claim on direct appeal, he cannot show prejudice. Movant pleaded guilty to possessing a firearm in the furtherance of armed bank robbery. Movant's argument that armed bank robbery does not qualify as a crime of violence under the use-of-force clause is foreclosed by binding circuit precedent, as discussed above. The clause in § 924(c)(3)(B), even if unconstitutional under the rationale in Johnson, is inapplicable. Movant's predicate offenses qualify as crimes of violence under § 924(c)(3)(A), and Movant's challenge to his sentence fails.

## II.     Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778

AO 72A
(Rev.8/82)

F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484), cert. denied, _ U.S. _, 137 S. Ct. 830 (2017).

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that his sentence is in violation of the federal law. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

8

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [82] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 25th day of April, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)