# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DERRICK A. BROWN,** | |
| Movant, | |
| v. | 1:06-cr-168-WSD |
| **UNITED STATES OF AMERICA,** | 1:16-cv-2208-WSD |
| Respondent. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [90] ("Final R&R"), recommending denial of Movant Derrick A. Brown's ("Movant") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [82] ("Motion to Vacate").

## I. BACKGROUND

On April 11, 2006, Movant was indicted by a grand jury sitting in the Northern District of Georgia on seven counts of bank robbery by force or violence and six counts of possessing a firearm in furtherance of a crime of violence. (See generally Indictment [9]). On March 20, 2007, Movant pled guilty to Counts Four and Six of the Indictment, which charged violations of 18 U.S.C. § 924(c)(1)(A)(ii) for possessing a firearm in furtherance of a crime of

violence. ([41]; [41.1]). The remaining counts of the Indictment were dismissed, and, by judgment entered on February 25, 2008, the Court imposed a 384 month sentence. ([56]; [57]). On February 29, 2008, Movant appealed, and, on August 18, 2008, the Eleventh Circuit Court of Appeals affirmed the judgment against him. ([77]). The Eleventh Circuit's opinion states that Movant challenged his guilty plea, but does not show that he challenged his sentence. (Id.). On June 23, 2016, Movant, proceeding *pro se*, filed his Motion to Vacate raising a collateral challenge to his sentence under 28 U.S.C. § 2255. ([82]).

On April 25, 2017, the Magistrate Judge issued the Final R&R, recommending Movant's Motion to Vacate be denied. ([90] at 9). No party filed objections to the Final R&R.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255 Motion

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate his sentence "upon the ground[s] that the sentence was imposed in violation of the Constitution or laws of the United States, [] that the court was without jurisdiction to impose such sentence, [] that the sentence was in excess of the maximum authorized by law, or [that the sentence] is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). Collateral relief, however, is limited. It is well-settled

that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The movant bears the burden of persuasion, which "is supposed to be a heavy one." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, are generally foreclosed. Hidalgo v. United States, 138 F. App'x 290, 291 (11th Cir. June 29, 2005) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003). "An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).

B.  Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Where, as here, no party filed objections, the Court conducts a review for plain error.

III. **DISCUSSION**

A.  The Motion to Vacate

Movant claims that his predicate armed bank robbery offenses do not qualify as crimes of violence under the use-of-force/elements clause in § 924(c)(3)(A), or the residual clause in § 924(c)(3)(B), which he contends is void for vagueness under Johnson v. United States, 135 S. Ct. 2551 (2015). ([82.1] at 2-13).

4

Respondent argues that Movant's claim is procedurally defaulted, that the Johnson holding does not apply to § 924(c), and that, even if Johnson applies, Movant's claim is foreclosed by In re Hines, 824 F.3d 1334, 1336 (11th Cir. 2016). ([86] at 13-15).

Section 924(c)(1)(A), under which Movant pled guilty, dictates certain mandatory minimums for a defendant who, in furtherance of a crime of violence, possesses a firearm. Section 924(c)(3) defines a crime of violence as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Johnson case dealt, instead, with the Armed Career Criminal Act, as defined under § 924(e)(1). Section 924(e)(1) defines violent felony to include a crime punishable by more than a year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). The United States Supreme Court in

Johnson held that § 924(e)(2)(B)(ii) is void for vagueness. Johnson, 135 S. Ct. at 2555-63. The Court in Johnson also held, however, that its decision did not call into question the remainder of the definition of violent felony, i.e., the use-of-force/elements clause in § 924(e)(2)(B)(i) and the enumerated-crime clause in § 924(e)(2)(B)(ii) (burglary, arson, extortion, or use of explosives). Id. at 2563.

In addressing whether Johnson applies to § 924(c), the Eleventh Circuit has held:

> [E]ven were we to extrapolate from the Johnson holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."

In re Hines, 824 F.3d at 1337.

The Magistrate Judge found Movant procedurally defaulted his claim that armed robbery does not constitute a crime of violence. ([90] at 7). The Magistrate Judge also found that "even if Movant could show cause for failing to raise his claim on direct appeal, he cannot show prejudice." That is, Movant pled guilty to possessing a firearm in furtherance of armed bank robbery. (Id.). The Magistrate Judge noted that Movant's argument that armed bank robbery does not qualify as a

crime of violence under the use-of-force clause is foreclosed by binding circuit precedent. (Id.). The Magistrate Judge stated that the clause in § 924(c)(3)(B), "even if unconstitutional under the rationale in Johnson, is inapplicable." (Id.). The Magistrate Judge concluded that "Movant's predicate offenses qualify as crimes of violence under § 924(c)(3)(A), and Movant's challenge to his sentence fails." (Id.).

The Court finds no plain error in the Magistrate Judge's findings or recommendation.

B. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted); see also Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in a § 2255 case). It is not reasonably debatable that Movant's Motion to Vacate is required to be denied. A certificate of appealability is denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [90] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Derrick A. Brown's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [82] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 22nd day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE